TO BE PUBLISHED

# Supreme Court of Kentucky

## 2005-SC-0697-KB

DATE Dec 6, 05 Ella Graunt, D.C

KENTUCKY BAR ASSOCIATION                                     COMPLAINANT

V.                                    IN SUPREME COURT

ROBERT M. BEAL                                              RESPONDENT

## OPINION AND ORDER

Robert M. Beal, KBA No. 03887, whose last bar roster address was P.O. Box 70051, Louisville, KY 40270, was admitted to practice on October 25, 1982.

The Inquiry Commission received a complaint from a person who claimed that she paid Beal $135 for him to appear on her behalf in traffic court. This client had responded to a solicitation she received in the mail from Beal because she had gotten a traffic ticket. She considered the various offers she received from attorneys and chose to contact Beal. After a telephonic consultation, she mailed a personal check to Beal for the retainer of his appearance in court to attempt to reduce her charges. The $135 check was cashed by Beal.

Prior to the court date, Beal failed to respond to five telephone calls from this client. The client herself called the circuit clerk and discovered that the court date had been continued for a month. She kept attempting to reach Beal by telephone without avail. The second court date arrived and passed, and she eventually learned from the circuit clerk that an arrest warrant had been issued for her failure to appear. She then

retained another attorney and wrote to Beal demanding a refund of the $135 fee. Beal never responded.

Beal was notified by certified letter of the following four disciplinary charges:

Count I alleges violation of SCR 3.130-1.3, failure to diligently represent his client by failing to appear in court on the client's behalf after accepting a retainer to handle the matter.

Count II alleges violation of SCR 3.130-1.4(a) for failure to keep the client reasonably informed about the status of a matter and failure to comply with reasonable requests for information by failing to respond to numerous phone calls from his client and by failing to inform her of the status of her case.

Count III alleges violation of SCR 3.130-1.16(d) for failure to protect a client's interests upon termination of representation by failing to refund unearned fees upon request of the client.

Count IV alleges violation of SCR 3.130-8.1(b) for failure to respond to a lawful demand for information from a disciplinary authority.

Despite several reminder letters, Beal failed to respond to these charges.

On January 27, 2005, this Court suspended Beal for non-payment of bar dues.

On February 17, 2005, this Court entered an order privately reprimanding Beal for violation of SCR 3.130-8.1(b).

In an Opinion and Order, 2005-SC-382-KB, entered on August 25, 2005, this Court publicly reprimanded Beal for violation of SCR 3.130-8.1(b), failure to respond to a lawful demand for information from a disciplinary authority.

In an Opinion and Order, 2005-SC-620-KB, entered on October 20, 2005, this Court suspended Beal from the practice of law for a period of 60 days for violations of SCR 3.130-1.3, SCR 3.130-1.4(a)(b), SCR 3.130-8.1(b), and SCR 3.130-1.1.

By vote of the Board of Governors, Beal was found guilty on each count of the charge. On the matter of appropriate discipline, the Board recommended by 11 votes to suspend Beal from the practice of law for one year. Seven votes recommended a 181-day suspension. The recommendation included that Beal must refund the $135 unearned fee paid to him by his client.

Based on the foregoing, we find that Beal's lack of response to these charges, coupled with the nature of the violations, presents a cause for suspension from the practice of law, because suspension is appropriate where it appears that an attorney's conduct poses a substantial threat of harm to his clients or to the public.

THEREFORE IT IS HEREBY ORDERED as follows:

(1) Respondent, Robert M. Beal, is hereby suspended from the practice of law in the Commonwealth of Kentucky for a period of one year.

(2) In accordance with SCR 3.450 and SCR 3.480(3), Beal is directed to pay all costs associated with this disciplinary proceeding against him, certified in the amount of $58.95, for which execution may issue from this Court upon finality of this order.

(3) Pursuant to SCR 3.165(6), Beal shall immediately, to the extent reasonably possible, cancel and cease any advertising activities in which he is engaged.

(4) Beal is to pay restitution by refunding the $135 unearned fee to the client.

(5) Pursuant to SCR 3.390, Beal is hereby ordered to provide notice to any clients, if applicable, he currently represents of his inability to provide further legal services, to notify all courts in which he has matters pending of his suspension and to

3

provide the Director of the Kentucky Bar Association with a copy of all such letters simultaneously to their mailing.

(6) This suspension shall run CONSECUTIVELY to the 60-day suspension ordered by this Court, 2005-SC-620-KB, on October 20, 2005.

All concur.

ENTERED: November 23, 2005.

_____
Chief Justice

COUNSEL FOR COMPLAINANT:

Bruce K. Davis
Executive Director

Jay R. Garrett
Kentucky Bar Association
514 West Main Street
Frankfort, KY 40601

COUNSEL FOR RESPONDENT:

Robert M. Beal
P.O. Box 70051
Louisville, KY 40270-0051

4